UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SHEINY ELIETH PEREZ WHEELOCK,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

Case No. 5:26-cv-01679-KES

ORDER DISMISSING PETITION AS MOOT

## I.    INTRODUCTION

Sheiny Elieth Perez Wheelock ("Petitioner") filed a counseled petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a).  ("Petition" at Dkt. 1.)  The Court enjoined Respondents from continuing to detain Petitioner without providing such a bond hearing.  (Dkt 11.)  Respondents say they provided the bond hearing but Petitioner withdrew her request for bond redetermination.  (See Dkt. 14.)  The Court issued an Order to Show Cause Why Petition Should Not Be Dismissed as Moot.  (Dkt. 15.)  Petitioner did not respond.  Accordingly, the Court dismisses the Petition as moot.

/ / /

1

## II.    FACTUAL BACKGROUND

Petitioner is a noncitizen who was placed in removal proceedings in 2021, charged with inadmissibility for having entered the United States without inspection. (Dkt. 1 at 6, ¶ 28.)  Petitioner was released on an Order of Recognizance but was subsequently re-arrested by Immigration and Customs Enforcement ("ICE") and is currently detained at the Adelanto ICE Detention Facility.  (Id. at ¶ 2; id. at 6, ¶ 29.) Petitioner did not seek a bond redetermination hearing under 8 U.S.C. § 1226(a) because ICE had asserted that Petitioner was subject to mandatory detention under 8 U.S.C. § 1225(b).  (Id. at 6 ¶¶ 33-35; see also Dkt. 4 at 16 (arguing that prudential exhaustion is not required).)

## III.    PROCEDURAL HISTORY

On April 6, 2026, Petitioner filed the present Petition, alleging two claims: (1) denial of a bond hearing violates 8 U.S.C. § 1226(a); and (2) denial of a bond hearing violates the Due Process Clause of the Fifth Amendment.  (Dkt. 1 at 6-7, ¶¶ 33-39.)  Petitioner also filed an ex parte application for a temporary restraining order.  ("TRO Application" at Dkt. 4.)  The Court ordered Respondents to respond to the TRO Application.  (Dkt. 7.)  Respondents timely did so, stating, "Respondents acknowledge that Petitioner's claim in this action appears to be subject to the Bautista judgment,[1] the order enforcing the same, and to any applicable appellate proceedings relating to it.  To the extent a bond hearing is ordered here, it should be consistent with what Courts in this District have generally ordered in similar cases, which is to require an 8 U.S.C. § 1226(a) hearing to be provided in seven days."  (Dkt. 10 at 2-3.)  On April 10, 2026, the Court granted Petitioner's TRO Application, enjoining Respondents from continuing to detain her without an individualized bond hearing.  (Dkt. 11.)

---

[1] Maldanado Bautista v. Santacruz, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3713987, 2025 U.S. Dist. LEXIS 262265 (C.D. Cal. Dec. 18, 2025).

Respondents answered the Petition on April 13, 2026, stating that they would not be "presenting an opposition argument with respect to providing Petitioner a bond hearing at this time.  Pursuant to the Court's Order dated April 10, 2026, Petitioner will be provided with a bond hearing within 7 days of this Order pursuant to 8 U.S.C. § 1226(a)."  (Dkt. 12.)

In a status report dated April 27, 2026, Respondents explain that they "attempted several times to reach counsel for … Petitioner without success.  In accordance with the Court's Order, Respondents provided the Petitioner with a bond hearing on April 20, 2026….  However, the bond redetermination was withdrawn by Petitioner."  (Dkt. 14 at 1 (citing Ex. A/Dkt. 14 at 4-5 (order of the immigration judge)).)

On April 28, 2026, the Court issued an order requiring Petitioner to show cause, by May 8, 2026, regarding why the Petition should not be dismissed as moot. (Dkt. 15.)  As of the date of this order, the Court has not received a response.

The parties have consented to the jurisdiction of the Magistrate Judge for all purposes.  (Dkt. 13.)

## IV.   LEGAL STANDARD

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies."  Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990).  "The Constitution's case-or-controversy limitation on federal judicial authority, Art. III, § 2, underpins … [the Supreme Court's] mootness jurisprudence…."  Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc., 528 U.S. 167, 180 (2000).  Courts "assess mootness by whether there is 'a present controversy' for which [the court] can grant relief."  Garding v. Montana Dep't of Corr., 105 F.4th 1247, 1254 (9th Cir. 2024).  "The party claiming mootness has a heavy burden of proof.  And the remedy need not be 'fully satisfactory.'  If some relief can be granted, the case is not moot."  Id. at 1254-55 (citation modified).

In the immigration habeas context, a petitioner's release from immigration

3

detention pursuant to preliminary injunctive relief does not moot the petition because that relief is only temporary in nature. Carballo v. Semaia, No. 5:25-cv-03176-SPG-AJR, 2026 U.S. Dist. LEXIS 28582, at *10 (C.D. Cal. Feb. 10, 2026) (citing Nielsen v. Preap, 586 U.S. 392, 403 (2019)). Likewise, where the court grants partial relief by ordering a bond hearing while other claims remain pending, such as those for prospective and/or statutory or substantive relief, the petition is not moot. See id. at *11-12; see also Cruz v. Lyons, No. 5:25-cv-02879-MCS-MBK, 2025 U.S. Dist. LEXIS 271568, at *7 n.1 (differentiating between cases where only a bond hearing was sought and where a bond hearing in conjunction with prospective relief was sought). A petition *is* moot, however, when a petitioner has received all of the relief requested. This includes when a petitioner has had "an opportunity" to contest her detention before an immigration judge and the chance to appeal that determination to the Board of Immigration Appeals, even if bond is ultimately denied, assuming no further relief was requested. See Prieto-Romero v. Clark, 534 F.3d 1053, 1065-66, 1068 (9th Cir. 2008).

## V.    DISCUSSION

Both of Petitioner's claims—that denial of a bond hearing violates 8 U.S.C. § 1226(a) as well as the Due Process Clause of the Fifth Amendment (Dkt. 1 at 6-7, ¶¶ 33-39)—are redressed through the grant of a bond hearing that complies with 8 U.S.C. § 1226(a). That is what the Court ordered, and it is what Respondents claim to have provided. (See Dkt. 11, 12, 14.) The Court did not, and could not, grant a bond hearing with a favorable outcome. Similarly, Petitioner's withdrawal of her request for a bond redetermination does not breathe new life into a resolved controversy. Petitioner did not seek any further relief from this Court, and she has had the chance to contest dismissal on the ground of mootness in a response to the Court's order to show cause. For whatever reason, she has chosen not to do so. Furthermore, "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."

L.R. 7-12. Respondents contend, in their status report, that the Petition should be dismissed as moot. (Dkt. 14 at 2.) The Court agrees.

**VI.   CONCLUSION**

IT IS THEREFORE ORDERED that the Petition is dismissed as moot.

DATED: <u>May 14, 2026</u>          *Karen E. Scott*

KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

5